# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## WADE JAMES ODUM v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lincoln County**
**No. S0300117     William C. Lee, Judge**

---

**No. M2004-00222-CCA-R3-PC - Filed November 9, 2004**

---

The Defendant, Wade James Odum, appeals from the trial court's dismissal of his petition for error coram nobis relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and THOMAS T. WOODALL, JJ., joined.

Wade James Odum, Edgefield, South Carolina, Pro Se.

Paul G. Summers, Attorney General and Reporter; Elizabeth Bingham Marney, Assistant Attorney General; W. Michale McCown, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Defendant, Wade James Odum was convicted, upon a jury verdict, of theft in excess of $10,000.00. He was sentenced as a career offender to a term of fifteen years to be served consecutively with sentences in Georgia and Florida. His conviction was affirmed on appeal. See State v. Wade James Odum, No. 01C01-9406-CC-00234, 1995 WL 599010 (Tenn. Crim. App., Nashville, Oct. 12, 1995).

On December 8, 2003, the Defendant filed a petition for writ of error coram nobis. In his petition, he sought relief from the sentence imposed upon him, requesting that he be given credit on his Tennessee sentence for all of the time he previously served on a sentence in the federal penitentiary, following his release from the Florida penitentiary. The trial court summarily dismissed the petition, finding that it was barred by the statute of limitations and further that the allegations

were not sufficient grounds upon which to grant error coram nobis relief. It is from the order of the trial court dismissing his petition that the Defendant appeals.

The Defendant's petition states that he was convicted of his theft crime on December 8, 1993. His conviction was affirmed by this Court October 12, 1995, and our supreme court denied permission to appeal March 25, 1996. See State v. Wade James Odum, No. 01C01-9406-CC-00234, 1995 WL 599010 (Tenn. Crim. App., Nashville, Oct. 12, 1995).

A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. See Tenn. Code Ann. § 27-7-103. It is obvious that the Defendant's petition was filed several years after the statute of limitations had run. Nothing in the record suggests that the Defendant's claim for relief implicates any due process concerns that would require a remand to the trial court for a hearing on the merits. See Workman v. State, 41 S.W.3d 100 (Tenn. 2001). We conclude that the trial court did not err by summarily dismissing the Defendant's petition.

We therefore grant the State's motion and affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
DAVID H. WELLES, JUDGE